IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MARY A. KINDRED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-02660-TLP-dkv |
| | ) | |
| MEMPHIS LIGHT GAS & WATER, | ) | JURY DEMAND |
| ALONSIA HARDY, Supervisor, | ) | |
| RENEE DANIEL, Labor Engagement, | ) | |
| Diversity & Inclusion Specialist, ANGELA | ) | |
| R. HEWLETT, Former Manager of Labor | ) | |
| and Employee Relations, and ERIC | ) | |
| CONWAY, Manager Employment Services, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Mary A. Kindred sued pro se Defendants Memphis Light, Gas & Water and many individual employees—Alonsia Hardy, Supervisor; Renee Daniel, Labor Engagement, Diversity & Inclusion Specialist; Angela R, Hewett, Former Manager of Labor and Employee Relations; and Eric Conway, Manager Employment Services. (ECF No. 1.) Under Administrative Order 2013–05, the case was referred to the Magistrate Court for management and to make a determination or submit a report and recommendation on pretrial matters. (Admin. Order 2013–05, Apr. 29, 2013.) Plaintiff also moved to proceed in forma pauperis (ECF No. 2), which the Magistrate Court granted (ECF No. 7).

Because Plaintiff is proceeding pro se and in forma pauperis, the Chief Magistrate Judge conducted a screening under 28 U.S.C. § 1915(e)(2). After conducting the screening, the Chief

Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court sua sponte dismiss in part Plaintiff's complaint. (ECF No. 12 at PageID 53–74.)

The Chief Magistrate Judge recommended that the Court dismiss all of Plaintiff's claims against the individual Defendants in their individual and official capacities. (*Id.* at PageID 66–68.) As for the individual capacity claims, the Chief Magistrate Judge reasoned that individual employees, supervisors, and managers cannot be held liable in their individual capacities under Title VII and similar statutory schemes like the ADA and ADEA. (*Id.* at PageID 68 (citing to *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404–05 (6th Cir. 2003)).) Concerning the official capacity claims, the Chief Magistrate Judge reasoned that official capacity claims are "redundant when the corporate entity or employer is also named as a defendant and can ultimately be held liable as the employer." (*Id.* at PageID 68.)

What is more, the Chief Magistrate Judge recommended that the Court dismiss Plaintiff's ADEA retaliation claim because the only protected activity alleged—filing an EEOC complaint—occurred after Plaintiff's termination. (*Id.* at PageID 69.) Plaintiff therefore "fail[ed] to establish the required causal relationship between the protected activity and her termination." (*Id.*)

Finally, the Chief Magistrate Judge recommended that the Court dismiss Plaintiff's claims under FMLA because she did

> not make any factual allegations that at the time she sought medical leave under the FMLA she was suffering from a serious health condition making her incapacitated or unable to perform her job. Nor does she allege that she provided any type of medical documentation at the time of requesting leave under the FMLA which demonstrated that her physician believed she was incapacitated or unable to perform her job.

(*Id.* at PageID 72.) So the Chief Magistrate Judge concluded that Plaintiff failed to allege enough facts to support an inference that she was entitled to FMLA leave when she applied for it.

(*Id.*) And because Plaintiff failed to establish entitlement to leave under FMLA, the Chief Magistrate Judge noted that she also cannot establish a retaliation claim. (*Id.* at PageID 73.)

Once the Magistrate Court issues its R & R, either side can object to this Court. Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Neither party here objected to the R&R, and the time for filing objections has expired. *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R, the Court finds no clear error and **ADOPTS** the R&R in its entirety. So the Court sua sponte **DISMISSES WITH PREJUDICE** Plaintiff's claims against the individual Defendants in their individual and official capacities, Plaintiff's claim for retaliation under the ADA, and Plaintiff's claim for violations of the FMLA.

This Court is not dismissing Plaintiff's claims for failure to accommodate and retaliation under the ADA and her age discrimination claims. The Court therefore **DIRECTS** the Clerk to issue process to MLGW and deliver that process to the United States Marshal for service, along with a copy of the Chief Magistrate Judge's R&R. It is further **ORDERED** that service of the complaint be made on MLGW under Rule 4(h)(1) of the Federal Rules of Civil Procedure and that all costs of service be advanced by the United States.

The Court also **ORDERS** Plaintiff to serve a copy of every document filed in this case on the attorney for Defendant MLGW, make a certificate of service on every document filed, familiarize herself with the Federal Rules of Civil Procedure and this Court's local rules, and

promptly notify the Clerk of any change of address or extended absence. Plaintiff is warned that failure to comply with these requirements or any other orders of the Court may result in the dismissal of her case without further notice.

**SO ORDERED**, this 31st day of January, 2020.

s/Thomas L. Parker<br>
THOMAS L. PARKER<br>
UNITED STATES DISTRICT JUDGE