IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARY A. KINDRED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02660-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| MEMPHIS LIGHT GAS & WATER, ) | |
| ALONSIA HARDY, Supervisor, RENEE ) | |
| DANIEL, Labor Engagement, Diversity & ) | |
| Inclusion Specialist, ANGELA R ) | |
| HEWLETT, former Manager of Labor and ) | |
| Employee Relations, and ERIC CONWAY, ) | |
| Manager Employment Services, ) | |
| ) | |
| Defendants. ) | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Pro se Plaintiff Mary A. Kindred moved to amend her complaint. (ECF No. 38.) The Court referred the motion to the Magistrate Judge for determination under 28 U.S.C. § 636(b)(1)(A). (ECF No. 40.) The Magistrate Judge then considered the motion and denied it without prejudice. (ECF No. 45 at PageID 226.) Plaintiff, unhappy with that order, now appeals and asks this Court to grant her leave to amend her complaint.[1] (ECF No. 51.) Defendant Memphis Light Gas & Water responded in opposition. (ECF. No. 54.) Because parties can appeal to the district court a Magistrate Judge's order on a motion referred under 28 U.S.C. § 636(b)(1)(A), the Court construes Plaintiff's motion as an appeal to this Court.

---

[1] Plaintiff does not appeal the Magistrate Judge's denial of her motion to appoint counsel. (*See* ECF Nos. 45 & 51.)

For the reasons below, the Court **OVERRULES** Plaintiff's objections and **AFFIRMS** the Magistrate Judge's order.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), with few exceptions, the Court may designate a magistrate judge to hear and determine any pretrial matter. The Court may reconsider a pretrial determination made by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).

The clearly erroneous standard applies to the magistrate judge's factual findings, while the contrary to law standard applies to the magistrate's conclusions of law. *United States v. Hofstetter*, 423 F. Supp. 3d 502, 505 (E.D. Tenn. 2019). A factual finding is clearly erroneous when, "although there is evidence to support it, 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Ayen*, 997 F.2d 1150, 1152 (6th Cir. 1993) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)); *see also Hofstetter*, 423 F. Supp. 3d at 505. "A decision is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Hoftstetter*, 423 F. Supp. 3d at 505 (internal quotations and alterations omitted).

## DISCUSSION

### I.   Plaintiff's Objection Is Untimely

Under Federal Rule of Civil Procedure 72, parties have fourteen days to object to a Magistrate Judge's order on non-dispositive motions. Fed. R. Civ. P. 72(a); *see also* Local Rule 72.1(g)(1). "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). What is more, "[t]he district judge in the case must consider *timely* objections

and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* (emphasis added).

The Magistrate Judge here issued the order denying Plaintiff's motion to amend on October 30, 2020. (ECF No. 45.) So Plaintiff had until November 13, 2020, to timely object to the order. *See* Fed. R. Civ. P. 72(a). But Plaintiff failed to do so. Instead, she waited until December 10, 2020 to lodge her objections to the Magistrate Judge's order. (ECF No. 51.) As a result, Plaintiff's attempted appeal of the Magistrate Judge's order is untimely.

## II.     The Magistrate Judge's Order Was Not Clearly Erroneous or Contrary to Law

Even considering the merits of her objection, Plaintiff does not show that the Magistrate Judge's order was either clearly erroneous or contrary to law.

Plaintiff argues that the Magistrate Judge's order "did not contain a rationale for its action." (ECF No. 51 at PageID 241.) But the Magistrate Judge did, in fact, explain why it denied Plaintiff's motion. It found that the motion "does not include any additional causes of action and instead consists mostly of rebuttal points to MLGW's answer." (ECF No. 45 at PageID 225.) As a result, the Magistrate Judge denied her motion. (*Id.* at PageID 225–26.) Plaintiff now argues that her motion included "at least four new issues" to add to her complaint. (ECF No. 51 at PageID 241.) But, having reviewed the motion, this Court agrees with the Magistrate Judge. Plaintiff's motion did not include any additional causes of action. Her motion instead explained her disagreement with MLGW's answer.[2] (*See* ECF No. 38.)

---

[2] Plaintiff's objection argues that her motion to amend her complaint added four new issues. But the issues Plaintiff identifies do not add to her claims and are mostly rebuttal points to MGLW's answer. (*See* ECF No. 51.) And like the Magistrate Judge explained, if "Kindred seeks to argue against the factual positions MLGW has asserted in its answer, she will have the opportunity to do so through summary judgment motion practice or at the trial of this matter." (*See* ECF No. 45 at 225.)

Under Federal Rule of Civil Procedure 15, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But for the court to determine whether "justice" requires amendment, the plaintiff must put "the substance of the proposed amendment" before the court. *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002). A motion to amend must "disclose what amendments [the plaintiff] intend[s] to make." *Kostyu v. Ford Motor Co.*, No. 85-1207, 1986 WL 16190, at *2 (6th Cir. July 28, 1986). And here, Plaintiff's motion to amend did not identify any amendments to her pending claims against MLGW. This Court, therefore, finds that the Magistrate Judge correctly denied Plaintiff's motion to amend.

What is more, the Magistrate Judge denied Plaintiff's motion to amend without prejudice. This means that, if she has a valid basis for amending her complaint, Plaintiff can move to amend her complaint again.

All in all, the Court finds that the Magistrate Judge's determination was not clearly erroneous or contrary to law. The Court thus **OVERRULES** Plaintiff's objections to the Magistrate Judge's order.

## **CONCLUSION**

For these reasons, the Court **OVERRULES** Plaintiff's objections and **AFFIRMS** the Magistrate Judge's order.

**SO ORDERED**, this 30th day of April, 2021.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE