IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARY A. KINDRED, | ) |
|     Plaintiff, | ) |
| v. | )    No. 2:19-cv-02660-TLP-tmp |
| | )    JURY DEMAND |
| MEMPHIS LIGHT GAS & WATER, | ) |
|     Defendant. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Mary Kindred, sued Defendant, Memphis Light Gas and Water ("MLGW"), pro se for discrimination-based causes of action. (ECF No. 1.) More specifically Plaintiff alleges Defendant violated the Age Discrimination in Employment Act of 1967 ("ADEA") and the Americans with Disabilities Act of 1990 ("ADA"). (*Id.*) After some of Plaintiff's claims survived the screening process (ECF No. 13), and after the parties engaged in discovery, Defendant moved for summary judgment (ECF No. 84.) Under Administrative Order 2013–05, the Court referred this case to Chief Magistrate Judge Tu Pham ("Chief Judge Pham") for management of all pretrial matters.

After evaluating Defendant's motion and Plaintiff's filings, Judge Pham issued a Report and Recommendation ("R&R")—recommending this Court grant Defendant's motion for summary judgment. (ECF No. 91.) Plaintiff then objected to the R&R (ECF No. 92) and Defendant responded to Plaintiff's objection (ECF No. 93).

And after reviewing Judge Pham's R&R, along with Plaintiff's objection and Defendant's response, this Court **ADOPTS** the R&R and **GRANTS** Defendant's motion for summary judgment (ECF No. 84).

## BACKGROUND

I.    **Facts of the Case**

The Court takes the following information from Defendant's statement of undisputed material facts (ECF No. 84-1), Plaintiff's response to that document (ECF No. 87-1), and her complaint (ECF No. 1).[1]

Plaintiff at first worked, full-time, as a security officer at CDA Security, Inc., an entity that provided security to Defendant MLGW's facilities. (ECF No. 1 at PageID 6.) At some point, Defendant MLGW brought its security force "in house." (*Id.*) As a result, Defendant terminated its contract with CDA Security and hired several CDA employees for its new security force. (*See id.* at PageID 6–8.)

During this turnover, Defendant hired Plaintiff as a "part-time Special Officer."[2] (ECF No. 84-1 at PageID 364.) In this new capacity, Plaintiff was required "to be present at the MLGW property she was assigned to secure." (ECF No. 84-1 at PageID 365.) Plaintiff noted that, when she transitioned to working for Defendant directly, her work schedule fluctuated drastically, and MLGW often reassigned her to secure different MLGW facilities. (ECF No. 1 at PageID 8–9.)

---

[1] The Court recognizes that, to rule on a summary judgment motion, it should consider only the parties' statements of undisputed material facts. But to provide context here, the Court references all three of the listed documents. That is not to say, however, that the Court considered all three documents in making its decision in ruling on the R&R.

[2] Plaintiff contends that, although MLGW hired her as a part-time employee, MLGW conveyed that it would eventually bring her on as a full-time security officer. (ECF No. 87-1 at PageID 431.)

2

Plaintiff claimed that her unpredictable work schedule was stressful, so she requested time off. (*Id.* at PageID 8; ECF No. 84-1 at PageID 365.) Plaintiff's "Licensed Professional Counselor" sent MLGW a letter "requesting for Plaintiff to be excused from work . . . for an undetermined period of time, approximately 4 to 6 weeks." (ECF No. 84-1 at PageID 365.) But it took longer. About six months into Plaintiff's leave, Plaintiff's supervisor at MLGW "contacted her to schedule an ADAAA interactive meeting[.]"[3] (*Id.* at PageID 366). Defendant requested that Plaintiff provide it with her return-to-work date, but that Plaintiff's Licensed Professional Counselor was unable to proffer a concrete date.[4] (*Id.*) Defendant also alleged that it requested Plaintiff to participate in the ADAAA process, but that she refused to cooperate. (*Id.* at PageID 367.) Defendant claimed that, because of these two matters, it terminated Plaintiff. (*Id.*)

Plaintiff then "filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC")." (*Id.* at PageID 368.) And after receiving a right to sue letter from the EEOC, Plaintiff filed this suit against Defendant. (*See* ECF No. 1)

## II.   Procedural History

In her original complaint, Plaintiff sued Defendant MLGW as well as Defendants Eric Conway, acting manager of employment services at MLGW; Alonsia Hardy, a supervisor at MLGW; Renee Daniel, a labor engagement and diversity and inclusion specialist at MLGW; and

---

[3] Plaintiff claims that her supervisor never mentioned that the meeting was for ADAAA planning purposes, but that she learned that information when the supervisor sent Plaintiff a letter about the meeting two days later. (ECF No. 87-1 at PageID 432.)

[4] Plaintiff claims that her Licensed Professional Counselor provided a return date of "April 1" (ECF No. 87-1 at PageID 432); but, as Defendant points out, that date was qualified by more uncertain language. Plaintiff's Licensed Professional Counselor wrote, "[d]ue to [Plaintiff] being symptomatic it is suggested she continue to remain off work. A return-to-work date is undetermined at this time." (ECF No. 84-2 at PageID 391.)

Angela Hewlett, the former manager of labor and employee relations at MLGW. (ECF No. 1 at PageID 3.) The Court later sua sponte dismissed Plaintiff's claims against the "individual Defendants in their individual and official capacities" with prejudice. (ECF No. 13 at PageID 78.) But her claims against Defendant MLGW survived (*id.*) and MLGW later answered (ECF No. 16.)

And after a long discovery process, Defendant MLGW moved for summary judgment. (ECF No. 84.) Plaintiff later responded (ECF No. 87) and Defendant replied (ECF No. 89). Chief Judge Pham then reviewed Defendant's motion, the filings, and the proffered evidence before issuing an R&R, recommending that this Court grant Defendant's motion. (ECF No. 91.)

## THE REPORT AND RECOMMENDATION

Chief Judge Pham began the R&R by outlining his proposed findings of fact. (*Id.* at PageID 474.) In that section, Chief Judge Pham thoroughly summarized Plaintiff's history with Defendant MLGW, her leave of absence, and the facts related to her ADA and ADEA claims. (*Id.* at PageID 474–81.)

Chief Judge Pham next recited the standards for summary judgment and evaluated each of Plaintiff's claims. (*Id.* at PageID 481–497.) In doing so, Chief Judge Pham reviewed how courts should address summary judgment motions, detailed the standard for assessing age and disability discrimination claims, and he outlined Plaintiff's burden for proving those claims. (*Id.*)

Lastly, Chief Judge Pham applied these legal standards to the facts here. And he started with Plaintiff's ADEA claim. (*Id.* at PageID 483.) In the end, Chief Judge Pham agreed with Defendant MLGW that Plaintiff failed to exhaust her ADEA claim with the EEOC which barred her from bring this claim now. (*Id.* at PageID 489.) Chief Judge Pham reasoned that, although she mentioned age discrimination in her pre-charge inquiry, Plaintiff did not include any

4

information related to her ADEA claim in her formal EEOC charge.  (*Id*. at PageID 484–85.) Chief Judge Pham further explained that the Court could still consider the information in Plaintiff's pre-charge inquiry under certain conditions—like if Plaintiff verified the pre-charge inquiry, or if its contents suggested the EEOC investigate particular allegations—but he found that Plaintiff failed to meet those conditions here.  (*Id.* at PageID 484–86 (citing *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 403 (2008); *Williams v. CSX Transp. Co., Inc.*, 643 F.3d 505, 509 (6th Cir. 2011)).)  So, considering only Plaintiff's charge sheet, Chief Judge Pham found that Defendant's motion for summary judgment should be granted and that Plaintiff's ADEA claim should be barred because she failed to exhaust the matter with the EEOC.  (*Id.* at PageID 488–89.)

Chief Judge Pham then addressed Plaintiff's ADA claims.  (*Id.* at PageID 489.)  Under the umbrella of ADA claims, Chief Judge Pham explained, Plaintiff argued that Defendant MLGW (1) failed to accommodate her disability and (2) retaliated against her for making an accommodations request.  (*Id.* at PageID 490–97.)  Even so, Chief Judge Pham determined that Plaintiff failed to meet her burden for both claims.  (*See id.*)  First, he found that Plaintiff could not bring a failure to accommodate claim because, after she admitted that she could not perform the "essential functions" of her position, she was not a "qualified" employee under the ADA. (*Id.* at PageID 490–92.)  Additionally, even after Defendant provided Plaintiff with eight months of leave, Plaintiff was unable to inform Defendant when she might return to work and resume her "essential functions."  (*Id.* at PageID 493–94.)  As a result, Plaintiff was not a "qualified" employee under the ADA and could not sue for failure to accommodate.  (*Id.* at PageID 494.)

As for Plaintiff's retaliation claim, Chief Judge Pham found that Plaintiff failed to rebut Defendant MLGW's "legitimate non-discriminatory reason for her firing."  (*Id.* at PageID 495.)

5

That is, Plaintiff did not put forth any evidence to show that Defendant terminated her for any reason other than that she was unable to perform the essential functions of her job. (*Id.* at PageID 495–497.) As a result, Chief Judge Pham recommended that this Court grant Defendant MLGW's summary judgment motion.

## OBJECTIONS

This Court now turns to Plaintiff's attempts to object here. The Court looks first to the Federal Rules of Civil Procedure for guidance about R&Rs. For example, Rule 72(b)(2) states that "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. But the Court should review de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After this review process, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* A district court need not articulate all the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

And a party's objections to the R&R must be specific "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also United States v. Berry*, Nos. 05-20048, 10-12633, 2011 WL 1627902, at *2 (E.D. Mich. Apr. 29, 2011) ("[O]bjections to a magistrate judge's report and recommendation must be specific challenges to the magistrate judge's conclusions."). "A general objection that does not

identify specific issues from the magistrate's report . . . is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citations omitted); *see also Howard*, 932 F.2d at 509 (finding that a general objection to the entirety of a magistrate judge's report "has the same effects as would a failure to object").

What is more, a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). In sum, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (citing *Miller*, 50 F.3d at 380).

About two weeks after Chief Judge Pham issued the R&R, Plaintiff objected. (ECF No. 92.) And about two weeks after that, Defendant responded, in support of the R&R, to Plaintiff's objection. (ECF No. 93.) Defendant argues that Plaintiff's objection "[is] almost entirely improper" as it is "conclusory, and fail[s] to cite to the record or relevant caselaw." (*Id.* at PageID 523–24.) And as a result, Defendant claims that "Plaintiff's Objection[ ] should be denied as insufficient." (*Id.* at PageID 535.) This Court agrees.

Many of Plaintiff's one-and-a-half-page objection focuses on her disapproval of her part-time employee status, the order of events in the case, and Chief Magistrate Judge Vescovo's denial of her request for the appointment of counsel. (*See* ECF No. 92 at PageID 500–01.) None of these points raise issues with Chief Judge Pham's legal analysis or conclusion in the R&R. Plaintiff's only relevant comment in her objection focuses on her ADEA claim. (*Id.*)

Plaintiff claims that "[she] did not fail to pursue the issue of age discrimination with the EEOC the failure involved was that the EEOC investigator, Mr. Michael Hollis did not properly check the age block on the front page of the charge of discrimination form." (*Id.* at PageID 500.)[5] But, as Defendant points out, Plaintiff's comment is improper because she did not raise this argument in response to its summary judgment motion. (ECF No. 93 at PageID 528.) Even still, and assuming that the EEOC investigator made a mistake and that he should have checked the box, Plaintiff only referenced her ADA claim in the formal EEOC charge and included no details relating to her age discrimination claim. (ECF No. 1-1 at PageID 13.)

All in all, Plaintiff's objection fails to address Chief Judge Pham's explanation for *why* her original arguments were deficient. And her objection amounts to baseless repetition and new arguments. Courts treat objections like this—"vague, general, or conclusory"—as "tantamount to a [ ] failure to object." *Slater*, 28 F. App'x at 513 (6th Cir. 2002). And Plaintiff's objection here is therefore improper. (*Id.*)

After reviewing the R&R, the motion for summary judgment, Plaintiff's objections, the relevant case law, and the other filings, the Court finds that Chief Judge Pham outlined the appropriate legal standards and correctly applied these standards to the facts of the case. The Court, therefore, **ADOPTS** Chief Judge Pham's R&R in full.

## CONCLUSION

Having reviewed the R&R and the entire record here, the Court **ADOPTS** the R&R in full (ECF No. 91) and **GRANTS** Defendant's motion for summary judgment (ECF No. 84).

---

[5] She continues by arguing that the Court should have considered the information that she included in her pre-charge inquiry form. (*Id.* at PageID 501.) That said, she failed to support why the Court should consider this information. As Chief Judge Pham expressed in the R&R, the Court should not consider the pre-charge form because it was unverified and did not urge the EEOC to investigate any age discrimination allegations.

**SO ORDERED**, this 31st day of March, 2022.

                                                s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE